1
2
3
4
5
6
7
8

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
IN TACOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **UNITED STATES' COMPLAINT** |
| | ) | **FOR PERMANENT INJUNCTION** |
| MANDUSTRIAL LLC; and | ) | |
| IAN JOHNSON, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The United States of America ("United States"), by and through its undersigned counsel, complains and alleges as follows:

## **NATURE OF THE ACTION**

1.      The United States brings this civil action against Defendants MANDUSTRIAL, LLC ("Mandustrial") and Ian Johnson to obtain a permanent injunction requiring the Defendants to comply with federal employment tax laws. In particular, the United States seeks a permanent

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-514-6056

injunction to require Mandustrial to timely file employment tax returns; to timely deposit with and pay to the Internal Revenue Service ("IRS") the federal employment taxes it owes; and not to assign or transfer any property until taxes withheld from its employees' paychecks are paid over to the United States. The United States seeks a permanent injunction against Ian Johnson to ensure that he cannot avoid the Court's injunction against Mandustrial by starting another business.

## JURISDICTION, VENUE, AND DEFENDANTS

2.       Pursuant to 26 U.S.C. § 7401, this action is filed with the authorization of, and at the request of, the Secretary of the Treasury of the United States, acting through his delegate, the Chief Counsel of the Internal Revenue Service. The United States' Complaint is filed at the direction of the Attorney General of the United States.

3.       This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1340 and 1345, and 26 U.S.C. § 7402(a).

4.       Venue is proper in the Western District of Washington pursuant to 28 U.S.C. §§ 1391 and 1396 because Mr. Johnson resides in this judicial district, because Mandustrial operates within this judicial district, and because a substantial part of the events or omissions giving rise to the United States' claim occurred, and continue to occur, within this judicial district.

5.       Mandustrial is a Washington corporation that was incorporated on or about August 5, 2011, and is a business that provides grooming services for men. Mandustrial was administratively dissolved on March 4, 2019. However, upon information and belief, Mandustrial continues to operate.

6.       Mandustrial operates in Pierce County, Washington. Mr. Johnson resides in King County, Washington. Because Mandustrial operates in Pierce County, and a substantial part of

United States' Complaint
(Case No. )

2

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-514-6056

the events or omissions giving rise to this Complaint arose in Pierce County, the case should be assigned to the Tacoma Division pursuant to LCR 3(e)(1).

7.      Mr. Johnson is and has been the owner, governor, sole member, and sole officer of Mandustrial since Mandustrial's incorporation through the present.

8.      Upon information and belief, Mandustrial has had employees from July 2012 through the present.

## DEFENDANTS' EMPLOYMENT TAX OBLIGATIONS

9.      Under 26 U.S.C. §§ 3102 and 3402, Mandustrial, as an employer, is required to withhold federal income taxes and Federal Insurance Contributions Act (FICA) taxes from its employees' wages.

10.     Under 26 U.S.C. § 7501, Mandustrial, as an employer, is required to hold in trust for the United States the withholdings described in the previous paragraph.

11.     Under 26 U.S.C. § 3111, Mandustrial, as an employer, is required to pay a FICA excise tax on its employees' wages.

12.     Under 26 U.S.C. § 6302 and 26 C.F.R. § 31.6302-1, Mandustrial, as an employer, is required to make semi-weekly deposits of the taxes described in Paragraphs 9 and 11 with an authorized government depository.

13.     Under 26 U.S.C. §§ 6011 and 6071 and 26 C.F.R. §§ 31.6011(a)-1, 31.6011(a)-4, and 31.6071(a)-1, Mandustrial, as an employer, is required to file Form 941, Employer's Quarterly Federal Tax Returns.  These returns are required to report the amounts of income and FICA taxes withheld from Mandustrial's employees' wages, as well as Mandustrial's own FICA taxes.  The returns must be filed by the last day of the first month following the end of the tax period.

United States' Complaint
(Case No. )

3

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-514-6056

14.     Under 26 U.S.C. § 3301, Mandustrial, as an employer, is required to pay a Federal Unemployment Tax Act (FUTA) tax on its employee's wages.

15.     Under 26 U.S.C. §§ 6011 and 6071 and 26 C.F.R. §§ 31.6011(a)-3 and 31.6071(a)-1, Mandustrial, as an employer, is required to file Form 940, Employer's Annual Federal Unemployment Tax Returns. These returns are required to report the amount of Mandustrial's FUTA tax for the preceding year. The returns must be filed by the last day of January of the following year.

16.     Under 26 U.S.C. § 6151 and 26 C.F.R. § 55.6151-1, Mandustrial, as an employer, is required to pay any balance shown on employment tax returns without assessment, or notice and demand, from the IRS.  It is required to pay the balance no later than the due date of the return.

17.     As an employer, Mandustrial has had the legal duties described in Paragraphs 9 through 16 since 2012, and continues to have those duties.

## DEFENDANTS' PERSISTENT FAILURE TO COMPLY WITH FEDERAL EMPLOYMENT TAX LAWS

18.     Mandustrial has repeatedly failed to comply with its employment tax obligations.

19.     Since its incorporation in 2011 through the present, Mandustrial has failed to make any federal tax deposits or payments of federal employment taxes.

20.     Since its incorporation in 2011 through the present, Mandustrial has failed to file employment and unemployment tax returns (IRS Forms 940 and 941), as well as corporate income tax returns (IRS Forms 1120), with the IRS.

21.     Due to Mandustrial's failure to make deposits and pay taxes as required, a duly authorized delegate of the Secretary of the Treasury timely assessed federal employment taxes, penalties, and interest against Mandustrial, in accordance with 26 U.S.C. § 6020(b). The

United States' Complaint
(Case No. )                                    4                    **U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-514-6056

following table shows the unpaid assessed balances for each period since 2012 that has not yet been paid in full:

| TYPE OF TAX | TAX PERIOD | ASSESSMENT DATE | UNPAID BALANCE[1] |
|---|---|---|---|
| 941 | September 30, 2012 | September 26, 2016 | $19,237.49 |
| 941 | December 31, 2012 | September 26, 2016 | $31,821.88 |
| 941 | March 31, 2013 | September 26, 2016 | $33,529.92 |
| 941 | June 30, 2013 | September 26, 2016 | $33,321.75 |
| 941 | September 30, 2013 | September 26, 2016 | $33,115.07 |
| 941 | December 31, 2013 | September 26, 2016 | $32,909.81 |
| 941 | March 31, 2014 | September 26, 2016 | $32,712.27 |
| 941 | June 30, 2014 | September 26, 2016 | $32,509.89 |
| 941 | September 30, 2014 | September 26, 2016 | $32,300.77 |
| 941 | December 31, 2014 | September 26, 2016 | $26,427.54 |
| 941 | March 31, 2015 | September 26, 2016 | $31,884.56 |
| 941 | June 30, 2015 | September 26, 2016 | $31,675.50 |
| 941 | September 30, 2015 | September 26, 2016 | $31,467.83 |
| 941 | December 31, 2015 | September 26, 2016 | $31,261.70 |
| 941 | March 31, 2016 | September 26, 2016 | $30,171.00 |
| **TOTAL** | | | **$464,346.98** |

22. The total amount owed on these liabilities (including accrued interest and penalties) as of April 22, 2019, is $464,346.98, plus interest and other statutory additions accrued thereafter as provided by law. This amount does not include any tax liabilities owed for Forms 941 for the periods from the second quarter of 2016 through the fourth quarter of 2018, as well as Forms 940 for the taxable years 2012 through 2018, for which Mandustrial has not filed a

---

[1] This amount includes the balance owed for any taxes and penalties assessed and any accrued interest as of April 22, 2019 for each respective period.

United States' Complaint
(Case No. )

5

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-514-6056

return or made any deposits or payments.

23.     As Mandustrial's tax liabilities have grown, the IRS has repeatedly attempted to bring Mandustrial into compliance with the federal tax laws through administrative action, but has not been able to do so.

24.     Mandustrial is aware of its obligations under the federal employment tax laws but refuses to comply with them.

25.     Mr. Johnson is also aware of his obligations, and the obligations of Mandustrial, under the federal employment laws, but he refuses to comply with them.

26.     At the same time that Mr. Johnson operated Mandustrial, he operated another business, 4th Element Construction Services, LLC. ("4th Element"). 4th Element was incorporated on or about February 26, 2011, and was administratively dissolved on June 2, 2014. As with Mandustrial, 4th Element has also accrued unpaid employment tax liabilities throughout its existence.

27.     In an attempt to collect the unpaid federal employment tax liabilities of 4th Element and Mandustrial, the IRS assessed trust fund recovery penalties against Mr. Johnson pursuant to 26 U.S.C. § 6672 as a responsible person who willfully failed to collect, truthfully account for, and pay over the trust fund taxes due and owing. Mr. Johnson was assessed approximately $12,844 in trust fund recovery penalties as a responsible officer for 4th Element and approximately $197,160 in trust fund recovery penalties as a responsible officer for Mandustrial.

28.     These trust fund recovery penalty assessments remain largely unsatisfied. The total amount owed on these liabilities (including accrued interest and penalties) as of April 22, 2019 is $212,720.67, plus interest and other statutory additions accrued thereafter as provided by

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-514-6056

law.

29.     Further, Mr. Johnson is not in compliance with his personal income tax obligations either, as he has failed to file income tax returns from 2012 through the present.

30.     On April 21, 2016, Mr. Johnson filed for a Chapter 13 Bankruptcy, which was converted to a Chapter 7 Bankruptcy on September 8, 2016, and closed following a discharge. *See* Case No. 16-12114-CMA in the Bankruptcy Court for the Western District of Washington.

31.     During the pendency of the Bankruptcy, Mr. Johnson had several communications, including in person meetings, with the Revenue Officer assigned to the case, and was advised that he was required to comply with federal employment tax laws. Further, during the creditors' meeting under 11 U.S.C. § 341, Mr. Johnson was also informed of his obligation to comply with employment tax laws. He has not done so.

32.     The IRS has alerted Mandustrial and Mr. Johnson of their obligations under the payroll tax laws on numerous occasions, but they refuse to comply.

33.     Since as early as 2016, the IRS has had numerous communications with Mandustrial and Mr. Johnson concerning Mandustrial's failure to comply with the federal employment tax laws.  Specifically, the IRS has spoken to Mr. Johnson on multiple occasions, sent correspondence, served notices of intent to levy, recorded Notices of Federal Tax Liens ("NFTLs"), and otherwise warned Mr. Johnson that the IRS would take further action if Mandustrial continued to fail to comply with its employment tax obligations.  Despite these efforts, Mandustrial fails to comply with its employment tax obligations.

34.     The IRS has explained to Mr. Johnson the necessity of filing timely, staying current on paying and making the required federal tax deposits, and of the potential consequences of continued noncompliance. Despite these efforts, Mandustrial repeatedly failed

United States' Complaint
(Case No. )

7

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-514-6056

1    to comply with its employment tax obligations.

2        35.    The IRS has recorded NFTLs against Mandustrial with the Pierce County

3    Auditor, in Tacoma, Washington, as well as with the Department of Licensing in Olympia,

4    Washington.

5        36.    The IRS has issued administrative levies against Mandustrial's bank accounts in

6    an effort to recover the federal employment taxes owed.  However, these levies have not been

7    sufficient to recover the federal employment taxes owed by Mandustrial.

8        37.    On April 20, 2017, Mr. Johnson was personally served with a Letter 903, with

9    accompanying Notice 931, informing him that he was not making federal tax deposits as

10   required by law.  The letter also warned that stricter civil or criminal enforcement procedures

11   would be considered if Mandustrial failed to make the required deposits within thirty days of the

12   issuance of the date of the letter. After receipt of the April 20, 2017, letter, Mandustrial

13   continued its failure to comply with employment tax laws, and has not filed any returns or made

14   any payments.

15       38.    The IRS has not been able to bring Mandustrial permanently into compliance with

16   the federal tax laws through administrative action, and none of the actions taken by the IRS

17   against Mr. Johnson prove to be an efficient deterrent.

18       39.    Mandustrial is steadily accruing federal employment tax liabilities. As a result of

19   its failure to pay over taxes withheld from its employees' paychecks, the business is being

20   involuntarily funded by United States taxpayers.

21       40.    Based on Mandustrial's and Mr. Johnson's repeated failures to pay employment

22   taxes when due, and upon their refusal to do so even when compliance has been repeatedly

23   demanded by the IRS, Mandustrial and Mr. Johnson are likely to continue to violate federal

24

United States' Complaint
(Case No. )

8

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-514-6056

employment tax laws absent injunctive relief.

## COUNT I: PERMANENT INJUNCTION

41.    The United States incorporates by reference the allegations in Paragraphs 1 through 40 above.

42.    The United States seeks an injunction against Mandustrial and Mr. Johnson pursuant to 26 U.S.C. § 7402(a), which authorizes this Court to issue orders of injunction "as may be necessary or appropriate for the enforcement of the internal revenue laws."  The remedies available to the United States under that statute "are in addition to and not exclusive of any and all other remedies."  26 U.S.C. § 7402(a).

43.    An injunction by this Court ordering Mandustrial and Mr. Johnson to comply with Mandustrial's federal tax obligations is necessary and appropriate for enforcement of the internal revenue laws and to prevent continued violations of those laws.

44.    Mandustrial and Mr. Johnson have substantially interfered with and continue to substantially interfere with the administration of the federal employment tax laws by continually failing to pay over to the IRS Mandustrial's employment and unemployment tax obligations as required by 26 U.S.C. §§ 3102(a), 3111, 3301 and 3402.

45.    Mandustrial and Mr. Johnson have substantially interfered with and continue to substantially interfere with the administration of the federal employment tax laws by failing to file Mandustrial's employment and unemployment tax returns (IRS Forms 940 and 941) on time as required under 26 U.S.C. §§ 6011 and 6071.

46.    Mr. Johnson interferes with the administration of the federal employment tax laws, as the sole individual with the power to make financial decisions for Mandustrial, by failing to ensure that Mandustrial satisfies the relevant federal employment tax obligations.

United States' Complaint
(Case No. )

9

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-514-6056

47.     The United States is required by law to credit Mandustrial's employees with having paid FICA and federal income taxes when that money is withheld from their paychecks even though Mandustrial failed to remit the funds to the United States.

48.     Because administrative collection actions will not fully pay the employment tax obligations and because Mandustrial continues to incur additional employment tax obligations that administrative collection actions cannot satisfy, the United States lacks an adequate remedy at law.

49.     As a result of Mandustrial's and Mr. Johnson's violations of federal employment tax statutes, the United States has suffered and will continue to suffer irreparable harm, including, but not limited to:

      a.     The loss of tax revenue, including the loss of the withheld employee income and FICA taxes for which the employees have already received credit from the IRS and the Social Security Administration;

      b.     The drain on limited IRS resources due to its extensive attempts to bring Mandustrial and Mr. Johnson into compliance; and

      c.     The harm to the tax system as a whole, when competitors and the public see Mandustrial's and Mr. Johnson's continued non–compliance with the very federal tax law that others are following.

50.     An injunction, backed by the threat of coercive judicial sanctions for noncompliance, will compel Defendants to comply with the employment tax laws by timely filing tax returns and paying employment and unemployment taxes timely and in full.  An injunction will not injure Mandustrial or Mr. Johnson but will merely compel Mandustrial to conduct its business like every other tax-paying employer in the United States.

United States' Complaint
(Case No. )

10

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-514-6056

1       51.     An injunction will serve the public good.  The federal tax system relies upon

2 employers to collect and remit to the United States the federal employment taxes they owe.  The

3 Defendants' failure to make employment tax deposits and to pay over employment taxes

4 undermines this system of tax collection.  By using the unpaid taxes for their own purposes,

5 Defendants are exacting an involuntary subsidy from United States taxpayers and are also giving

6 their business an unfair competitive advantage over their law-abiding competitors who comply

7 with their federal tax obligations.

8       52.     In the absence of an injunction and the Court's ability to enforce compliance

9 through its contempt powers, Mandustrial is likely to continue to obstruct and interfere with the

10 internal revenue laws to the detriment of the United States.

11       53.     Similarly, in the absence of an injunction and the Court's ability to enforce

12 compliance through its contempt powers, Mr. Johnson is likely to continue to create new

13 business entities that do not comply with the federal employment tax laws, to the detriment of

14 the United States.

15       54.     Despite repeated attempts, the IRS has been unable to prevent Mandustrial and

16 Mr. Johnson from pyramiding employment tax liabilities.  The United States lacks an adequate

17 remedy at law to prevent continued pyramiding by Mandustrial and Mr. Johnson.

18

19       **WHEREFORE**, the United States respectfully requests that the Court:

20     A.     Find that Mandustrial and Mr. Johnson have engaged in, and are engaging in,

21           conduct interfering with the enforcement of the internal revenue laws;

22     B.     Find that permanent injunctive relief under 26 U.S.C. § 7402 and the Court's

23           inherent equity powers is appropriate and necessary to prevent Mandustrial and

24

United States' Complaint
(Case No. )

11

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-514-6056

1    Mr. Johnson from interfering with the enforcement of the internal revenue laws;

2    C.    Enter an injunction, pursuant to 26 U.S.C. § 7402(a), Fed. R. Civ. P. 65, and the

3          Court's inherent equity powers, ordering that:

4          i.    Mandustrial shall, and Mr. Johnson shall cause Mandustrial and any other

5                employer entity that they control to, withhold from each employee's

6                paycheck an appropriate amount of income tax and the employee portion

7                of FICA and Medicare taxes;

8          ii.   Mandustrial shall, and Mr. Johnson shall cause Mandustrial and any other

9                employer entity that they control to, timely deposit withheld employee

10               taxes, and employer FICA and Medicare taxes in an appropriate federal

11               depository bank in accordance with federal deposit regulations;

12         iii.  Mandustrial shall, and Mr. Johnson shall cause Mandustrial and any other

13               employer entity that they control to, timely deposit FUTA taxes in an

14               appropriate federal depository bank each quarter in accordance with

15               federal deposit regulations;

16         iv.   Mr. Johnson shall sign and deliver to a designated IRS Revenue Officer,

17               or to such specific location as the IRS may deem appropriate, on the first

18               day of each month, an affidavit stating that the required federal income

19               taxes, FICA and Medicare taxes, and FUTA taxes were fully and timely

20               deposited for each pay period during the prior month;

21         v.    Mandustrial shall, and Mr. Johnson shall cause Mandustrial and any other

22               employer entity that they control to, timely file Form 941 employment tax

23               returns and Form 940 unemployment tax returns that come due after the

24

U.S. DEPARTMENT OF JUSTICE
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-514-6056

date of the injunction, and Mr. Johnson shall provide a copy of each filed return to a designated IRS Revenue Officer in such manner as the IRS deems appropriate, within five days of filing;

    vi.  Mandustrial shall, and Mr. Johnson shall cause Mandustrial and any other employer entity that they control to, timely pay all required outstanding liabilities due on each return required to be filed under the Court's injunction order;

    vii.  Mandustrial shall, and Mr. Johnson shall cause Mandustrial and any other employer entity that they control to, timely file with the IRS and the United States Social Security Administration, and issue to their employees, accurate IRS Forms W-2;

    viii.  Mandustrial and Mr. Johnson are enjoined from paying other creditors of Mandustrial or from transferring, disbursing, or assigning any money, property, or assets of Mandustrial after the date of the injunction order until after such time as the required deposits described in paragraphs C-ii and C-iii, and any liabilities described in paragraph C-vi, have been paid in full, for any tax period ending after the injunction is issued;

    ix.  Mandustrial and Mr. Johnson are enjoined from assigning and/or transferring money or property to any other entity to have that entity pay the salaries or wages of Mandustrial's employees, except for a commercial payroll services provider approved in advance by counsel for the United States;

United States' Complaint
(Case No. )

13

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-514-6056

1
2
3

    x.   Mandustrial and Mr. Johnson shall permit a representative from the Internal Revenue Service to inspect Mandustrial's books and records periodically, with two business days' notice of each inspection;

4
5
6
7
8
9
10

    xi.   For the five-year period beginning on the date the injunction order is entered, Mr. Johnson shall notify, in writing, to such Revenue Officer as the IRS designates, if Mr. Johnson comes to form, incorporate, own, or work in a managerial capacity for another business entity, within five business days of such event. Regardless of such notification, the preceding subparagraphs of this paragraph C shall apply to any employer entity controlled by Mr. Johnson.

11
12
13
14
15
16
17
18
19
20

    xii.   Mandustrial and Mr. Johnson shall provide a copy of the Court's injunction order to every person authorized to sign checks on behalf of Mandustrial, or otherwise make disbursements of its property, within 30 days of entry of the injunction; obtain, from each person, a written acknowledgement of the terms of the injunction and a written commitment that the person will personally determine that all federal employment taxes accruing after the injunction date have been paid over to the IRS prior to making any disbursement of cash or other property; and file with the Court each such writing within seven days of receiving it;

21
22
23

    xiii.   Mandustrial and Mr. Johnson shall provide a copy of the Court's injunction order to each of Mandustrial's employees within 30 days of entry of the injunction; obtain, from each person, a written

24

United States' Complaint
(Case No. )

14

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-514-6056

1    acknowledgement of receipt of a copy of the Court's injunction order;

2    and file with the Court each such writing within seven days of receiving

3    it;

4    xiv.    Mandustrial shall, and Mr. Johnson shall cause Mandustrial and any other

5    employer entity that they control to, within 30 days of entry of the

6    injunction order, file complete and accurate employment tax returns for

7    all tax periods that are due but have not yet been filed;

8    xv.    Mandustrial shall, and Mr. Johnson shall cause Mandustrial and any other

9    employer entity that they control, within 30 days of entry of the

10    injunction order, to timely file with the IRS and the United States Social

11    Security Administration, and issue to their employees, accurate IRS Forms

12    W-2 for the tax periods at issue in this Complaint, to the extent they have

13    not done so;

14    xvi.    Mandustrial and Mr. Johnson shall file monthly reports with a designated

15    IRS Revenue Officer, as well as with the Court, no later than the 20th day

16    of each month, attesting that the requisite tax deposits for income, FICA,

17    and FUTA taxes have been made.

18    D.    Retain jurisdiction over this case for a five-year period to ensure compliance

19    with this injunction, including authorizing the United States to take post-

20    judgment discovery to ensure compliance;

21    E.    Order that, if Mr. Johnson or Mandustrial violate any term of this injunction,

22    then counsel for the United States shall send Defendants written notice of the

23    violation, and Defendants shall have 10 days after notification is sent to cure the

24    violation;

United States' Complaint
(Case No. )

15

1     i. A "cure" for the violation includes making a late tax deposit and all

2      accruals on such tax; paying delinquent tax shown on a return and all

3      accruals on such tax; filing a delinquent tax return; and providing a

4      delinquent notification to the designated IRS Revenue Officer.

5     ii. If counsel for the United States has sent Defendants three separate written

6      notifications for three separate violations, then counsel for the United

7      States shall no longer be obligated to send written notification of a

8      violation.

9     iii. If any violation is not cured within ten days of notification or if, after the

10      third notification followed by cures, the United States becomes aware of a

11      new violation by Mr. Johnson or Mandustrial, then the United States shall

12      be entitled to file with this Court a motion for an Order to Show Cause

13      why Mr. Johnson and Mandustrial should not be held in contempt of the

14      injunction; and why Mandustrial should not be ordered to cease doing

15      business immediately; and why Mr. Johnson should not be permanently

16      enjoined from forming, incorporating, or owning another or a successor

17      business entity and from working for any business in any capacity that

18      includes any responsibility for withholding, accounting for, or paying over

19      employment taxes or for filing employment tax returns.

20   F. Granting the United States such other and further relief as the Court deems just

21    and proper, including costs and attorneys' fees.

22 //

23

24

U.S. DEPARTMENT OF JUSTICE
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-514-6056

1  Respectfully submitted April 15, 2019.

2                                        RICHARD E. ZUCKERMAN
                                         Principal Deputy Assistant Attorney General
3
                                         */s/Rika Valdman*
4                                        RIKA VALDMAN
                                         Trial Attorney, Tax Division
5                                        U.S. Department of Justice
                                         P.O. Box 683
6                                        Washington, D.C. 20044-0683
                                         Telephone: 202-514-6056
7                                        Fax: 202-307-0054
                                         rika.valdman@usdoj.gov
8
                                         BRIAN T. MORAN
9                                        United States Attorney
                                         Western District of Washington
10                                       *Of Counsel*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-514-6056

JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| United States of America | MANDUSTRIAL, LLC; Ian Johnson |
| **(b)** County of Residence of First Listed Plaintiff _____ <br> *(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant    Pierce <br> *(IN U.S. PLAINTIFF CASES ONLY)* <br> NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF <br>           THE TRACT OF LAND INVOLVED. |
| **(c)** Attorneys *(Firm Name, Address, and Telephone Number)* <br> Rika Valdman, (202) 514-6056 <br> U.S. Department of Justice, Tax Division <br> P.O. Box 683, Ben Franklin Station, Washington, D.C. 20044 | Attorneys *(If Known)* |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1   U.S. Government    Plaintiff

☐ 2   U.S. Government    Defendant

☐ 3   Federal Question      *(U.S. Government Not a Party)*

☐ 4   Diversity      *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance <br> ☐ 120 Marine <br> ☐ 130 Miller Act <br> ☐ 140 Negotiable Instrument <br> ☐ 150 Recovery of Overpayment & Enforcement of Judgment <br> ☐ 151 Medicare Act <br> ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) <br> ☐ 153 Recovery of Overpayment of Veteran's Benefits <br> ☐ 160 Stockholders' Suits <br> ☐ 190 Other Contract <br> ☐ 195 Contract Product Liability <br> ☐ 196 Franchise | **PERSONAL INJURY** <br> ☐ 310 Airplane <br> ☐ 315 Airplane Product Liability <br> ☐ 320 Assault, Libel & Slander <br> ☐ 330 Federal Employers' Liability <br> ☐ 340 Marine <br> ☐ 345 Marine Product Liability <br> ☐ 350 Motor Vehicle <br> ☐ 355 Motor Vehicle Product Liability <br> ☐ 360 Other Personal Injury <br> ☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY** <br> ☐ 365 Personal Injury - Product Liability <br> ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability <br> ☐ 368 Asbestos Personal Injury Product Liability <br> **PERSONAL PROPERTY** <br> ☐ 370 Other Fraud <br> ☐ 371 Truth in Lending <br> ☐ 380 Other Personal Property Damage <br> ☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 <br> ☐ 690 Other | ☐ 422 Appeal 28 USC 158 <br> ☐ 423 Withdrawal 28 USC 157 <br> **PROPERTY RIGHTS** <br> ☐ 820 Copyrights <br> ☐ 830 Patent <br> ☐ 835 Patent - Abbreviated New Drug Application <br> ☐ 840 Trademark | ☐ 375 False Claims Act <br> ☐ 376 Qui Tam (31 USC 3729(a)) <br> ☐ 400 State Reapportionment <br> ☐ 410 Antitrust <br> ☐ 430 Banks and Banking <br> ☐ 450 Commerce <br> ☐ 460 Deportation <br> ☐ 470 Racketeer Influenced and Corrupt Organizations <br> ☐ 480 Consumer Credit <br> ☐ 485 Telephone Consumer Protection Act <br> ☐ 490 Cable/Sat TV <br> ☐ 850 Securities/Commodities/ Exchange <br> ☐ 890 Other Statutory Actions <br> ☐ 891 Agricultural Acts |
| **REAL PROPERTY** <br> ☐ 210 Land Condemnation <br> ☐ 220 Foreclosure <br> ☐ 230 Rent Lease & Ejectment <br> ☐ 240 Torts to Land <br> ☐ 245 Tort Product Liability <br> ☐ 290 All Other Real Property | **CIVIL RIGHTS** <br> ☐ 440 Other Civil Rights <br> ☐ 441 Voting <br> ☐ 442 Employment <br> ☐ 443 Housing/ Accommodations <br> ☐ 445 Amer. w/Disabilities - Employment <br> ☐ 446 Amer. w/Disabilities - Other <br> ☐ 448 Education | **PRISONER PETITIONS** <br> **Habeas Corpus:** <br> ☐ 463 Alien Detainee <br> ☐ 510 Motions to Vacate Sentence <br> ☐ 530 General <br> ☐ 535 Death Penalty <br> **Other:** <br> ☐ 540 Mandamus & Other <br> ☐ 550 Civil Rights <br> ☐ 555 Prison Condition <br> ☐ 560 Civil Detainee - Conditions of Confinement | **LABOR** <br> ☐ 710 Fair Labor Standards Act <br> ☐ 720 Labor/Management Relations <br> ☐ 740 Railway Labor Act <br> ☐ 751 Family and Medical Leave Act <br> ☐ 790 Other Labor Litigation <br> ☐ 791 Employee Retirement Income Security Act <br><br> **IMMIGRATION** <br> ☐ 462 Naturalization Application <br> ☐ 465 Other Immigration Actions | **SOCIAL SECURITY** <br> ☐ 861 HIA (1395ff) <br> ☐ 862 Black Lung (923) <br> ☐ 863 DIWC/DIWW (405(g)) <br> ☐ 864 SSID Title XVI <br> ☐ 865 RSI (405(g)) <br> **FEDERAL TAX SUITS** <br> ☒ 870 Taxes (U.S. Plaintiff or Defendant) <br> ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 893 Environmental Matters <br> ☐ 895 Freedom of Information Act <br> ☐ 896 Arbitration <br> ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision <br> ☐ 950 Constitutionality of State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from Another District *(specify)*    ☐ 6 Multidistrict Litigation - Transfer    ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
26 U.S.C. Section 7402

Brief description of cause:
Suit seeking to enforce federal employment tax laws

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.    DEMAND $ _____    CHECK YES only if demanded in complaint:

JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE _____    DOCKET NUMBER _____

DATE   04/15/2019

SIGNATURE OF ATTORNEY OF RECORD   /s/ Rika Valdman

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)*

_____ on *(date)* _____ ; or

❒ I returned the summons unexecuted because _____ ; or

❒ Other *(specify):*

.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |
|---|---|
| )<br>)<br>)<br>)<br>) | |
| _____<br><center>*Plaintiff(s)*</center> | |
| <center>v.</center> | )<br>)<br>)   Civil Action No. |
| | )<br>)<br>) |
| _____<br><center>*Defendant(s)*</center> | )<br>) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____                    _____
                                                                                *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❑ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❑ I returned the summons unexecuted because _____ ; or

❑ Other *(specify):*

.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: