UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>MANDUSTRIAL, LLC; and IAN JOHNSON,<br><br>　　　　　　Defendants. | CASE NO. C19-5283 BHS<br><br>ORDER |

THIS MATTER is before the Court on plaintiff United States' second motion for an order to show cause why defendants should not be held in contempt and sanctioned, Dkt. 20, and on the United States' motion to extend jurisdiction, Dkt. 23.

This 2019 case involves the government's efforts to collect past taxes from Mandustrial and its owner, Ian Johnson. The Court granted the government's motion for judgment on the pleadings, and entered a permanent injunction requiring defendants to collect and remit payroll taxes, in October 2019. Dkt. 10. The bulk of the case has since involved its efforts to collect the taxes already past due, and to force Johnson and his company to collect, remit, and report employee taxes going forward. Those efforts have

ORDER - 1

1 | not succeeded. In March 2023, the parties stipulated to the appointment of a receiver, but
2 | the government cannot find one and the one Johnson found was not in fact willing to
3 | serve. Dkts. 16 and 18.

4 | Based on this inability to appoint a receiver, the government asked the Court to
5 | extend its jurisdiction over the case for six months, until May 16, 2025. Dkt. 18. The
6 | Court did so. Dkt. 19.

7 | The government now asks the Court to Order Johnson and Mandustrial to show
8 | cause why they should not be held in contempt for failing to pay required employee
9 | taxes. It acknowledges that "appropriate sanctions may include, but are not limited
10 | to, a coercive daily fine, coercive incarceration, or a compensatory fine for actual losses
11 | or attorneys' fees and costs resulting from the improper behavior." Dkt. 20 at 17 (citing
12 | *United Mine Workers of America*, 330 U.S. at 304 and *Shuffler v. Heritage Bank*, 720
13 | F.2d 1141, 1147-49 (9th Cir. 1983)). It does not seek such sanctions. Instead, citing only
14 | the Court's inherent power to enforce its orders through civil contempt, the government
15 | asks the Court to

> order Mandustrial to cease doing business immediately and Mr. Johnson to be permanently enjoined from forming, incorporating, or owning another or a successor business entity and from working for any business in any capacity that includes any responsibility for withholding, accounting for, or paying over employment taxes or for filing employment tax returns.

19 | *Id*. Johnson responds that he has no money, the government already foreclosed on his
20 | house, and he is homeless. He contends the IRS got $70,000 from the foreclosure and
21 | another $559.86 from levies on his accounts. Dkt. 21 at 3. He asks the Court for two

1 | years to get into compliance, and asks the Court to preclude any additional levies during
2 | that time. *Id*. at 4.
3 | In the meantime, on May 12, the government moved to extend this Court's
4 | jurisdiction past the May 16 termination of jurisdiction the Court Ordered in November,
5 | at the government's request. Under LCR 7(d)(3), that motion was properly noted for June
6 | 2, which is *after* the Court's jurisdiction ended under the prior Order. Dkt. 19. It is
7 | therefore unclear that the Court has any continuing jurisdiction over the case.
8 | The government is therefore Ordered to Show cause why this matter should not
9 | be dismissed for lack of jurisdiction. It should do so in writing within 10 days.
10 | **IT IS SO ORDERED**.
11 | Dated this 17th day of June, 2025.

BENJAMIN H. SETTLE
United States District Judge